[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT AGAINST R. WILLIAM MANGINELLI
Plaintiff brings this action on a note given by the defendant Cowan-Manell, Inc., (Cowan) and guaranteed by Ralph Manginelli (Ralph) and R. William Manginelli (William). William has filed three special defenses.
Plaintiff now moves for summary judgement against William on the third count of its complaint.
FACTS
On or about May 29, 1984, Cowan became indebted to Union Trust Company ("Union Trust"), predecessor-in-interest to First Union, in the principal amount of $250,000.00 (the "Loan") which obligation is evidenced by a Commercial Mortgage Note. dated May 29, 1984, payable to the order of Union Trust (the "Note").
In order to induce Union Trust to make the Loan to Cowan. and in consideration therefore. Ralph and William (the Guarantors), executed a Guaranty, in favor of Union Trust, dated May 29, 1984 (the first Guaranty), whereby the Guarantors unconditionally. jointly and severally guaranteed the full and prompt payment of all liabilities of Cowan to Union Trust, including, but not limited to, the obligations evidenced by the Note.
On or about September of 1994, the Cowan requested an extension of a line of credit from Union Trust. William was asked to personally guaranty said line of credit and on September 29, 1994, he executed a Guaranty and Suretyship Agreement (Second Guaranty) with the understanding that is purpose was to provide additional security, for the creation of said line of credit. In fact by that Second Guaranty, he guaranteed the repayment of all of Cowan obligations to Union Trust.
William states that he had no knowledge that this Second Guaranty, would hold him responsible for the Commercial Mortgage Note dated May 9, 1984.
In enforcing both guarantys First Union attached William's personal and real property as security for payment of said Commercial Mortgage Note. CT Page 9609
The Security Agreement granted a security interest in certain personal property assets of the Borrower, owned or thereafter acquired, which assets are described with particularity in the financing statement, and Paragraph 3 of the Security agreement (the "Collateral").
Union Trust Company duly perfected its security interest in the Collateral by filing a financing statement (the Financing Statement) with the office of the Secretary of the State of Connecticut, Uniform Commercial Code Division.
First Union is the owner and holder of the Note, First Guaranty, Second Guaranty and Security Agreement.
Cowan is in default of its obligations to First Union by reason of, among other things, its failure to make payments when due under the Note and its termination of its operations and liquidation of its assets.
The Note provides that the entire unpaid principal balance, plus all accrued and unpaid interest, shall be due and payable immediately, at the option of the holder thereof, upon the occurrence of such an event of default.
The Note also provides that Cowan shall be liable for all costs and expenses incurred in the collection of the Loan. including reasonable attorneys fees.
First Union has exercised its right under the Note First Guaranty, Second Guaranty and Security Agreement to accelerate the balance due thereunder and has made demand upon Cowan and the Guarantors for immediate repayment of the Loan including, but not limited to, all outstanding principal, accrued interest. late charges and fees and expenses of collection.
Cowan and the Guarantors have failed, refused and/or neglected to pay the amounts now due and owing under the Note, First Guaranty, Second Guaranty and Security Agreement.
As of May 12, 1998, the following amounts are due and owing under the Note, First Guaranty, Second Guaranty and Security Agreement:
 Principal $ 190,034.12 CT Page 9610 Interest $ 12,251.19 Late Charges $ 566.28 Escrow Balance ($ 1,692.06) Total: $ 201,159.06
On and after May 12, 1998, interest, payable under the Note, First Guaranty, Second Guaranty and Security Agreement, continues to accrue in the per diem amount of $55.43. Cowan and the Guarantors are now responsible for First Union's counsel fees.
There is only one note upon which this action is brought, that of May 29, 1984.
The loan or line of credit requested of Union Trust for which the Second Guaranty was never made or extended.
Defendant's position seems to be that this action is brought only to enforce a guaranty of September 29, 1994. In fact it is also brought to enforce a guaranty of May 29, 1984.
The Second Guaranty is void.
 SPECIAL DEFENSES 1. William's first special defense is that he never intended the Second Guaranty the 1984 note. This assertion is not relevant to our motion because the First Guaranty does nothing to increase or decrease the enforceability of the First Guaranty.
 2. William claims that Union Trust did not act in good faith or deal fairly in the Second Guaranty but offers no relevant facts to prove that allegation.
 3. William's final special defense is that there was no consideration for the Second Guaranty. It simply does not matter.
Judgement may enter for plaintiff for $201,159.43, net of principal, interest, late charges and escrow balance.
O'Neill, J.